IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DREW M. MOIR, #M48561,

        Plaintiff,

vs.                                     Case No. 17-cv-821-DRH

TIMOTHY J. ANDAHL,
MICHELLE NEESE, and
DAVID RAINS,

        Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff Drew M. Moir, an inmate who is currently incarcerated at Robinson Correctional Center ("Robinson"), brings this civil rights action pursuant to 42 U.S.C. § 1983. Prior to filing the instant action, Plaintiff filed a *pro se* civil rights action against numerous Robinson officials, including the three individuals named in this case. *See Moir v. Amdahl et al.,* No. 3:17-cv-66-DRH-RJD (filed January 23, 2017). In the instant action, Plaintiff contends Defendants are harassing him in retaliation for filing the prior lawsuit. The allegations of harassment include taking Plaintiff's property (a prayer mat and a hot plate), false disciplinary charges, and threats to transfer Plaintiff to another prison and/or remove Plaintiff from the transitions program.

Plaintiff has also filed a Motion for Preliminary Injunction and Temporary Restraining Order ("TRO") (Doc. 2). Plaintiff sets forth a litany of vague complaints involving alleged retaliation, including "meritless" disciplinary tickets,

the unwarranted confiscation of Plaintiff's property, and threats to transfer Plaintiff to another prison or kick him out of the transitions program. (Doc. 2, p. 3). He seeks an order enjoining Defendants from transferring Plaintiff to another prison, removing Plaintiff from transition programs, writing Plaintiff meritless tickets and/or punishing Plaintiff with false tickets, taking Plaintiff's property, and from threatening Plaintiff "in any way." (Doc. 2, p. 1).

The allegations do not support Plaintiff's request for injunctive relief at this time. Accordingly, Plaintiff's request for a TRO and/or preliminary injunction will be denied.

### Discussion

In his Motion for TRO and Preliminary Injunction, Plaintiff claims that he is being "continuously harassed" for filing the prior civil rights action and sets forth a list of complaints that allegedly demonstrate Plaintiff is being harassed. (Doc. 1, p. 3). Plaintiff complains that officials have threatened to transfer him to another prison or to kick him out of the transitions program. *Id.* He also contends that his property was taken, without cause, and that he has been the victim of false disciplinary tickets.

The allegations in the motion do not support the issuance of a TRO or preliminary injunction at this time. A TRO is an order issued without notice to the party to be enjoined that may last no more than fourteen days. *See* FED. R. CIV. P. 65(b)(2). A TRO may issue only if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will

result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). This form of relief is warranted "to prevent a substantial risk of injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

A preliminary injunction is issued only after the adverse party is given notice and an opportunity to oppose the motion. *See* FED. R. CIV. P. 65(a)(1). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). *See also Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

Plaintiff has not demonstrated that he faces *any* immediate or irreparable injury or loss that warrants this drastic form of relief. *See* FED. R. CIV. P. 65(b)(1)(A). Plaintiff's claims (e.g., the prior confiscation of property/filing of a false disciplinary charge and possible transfer or removal from a program), do not suggest that he faces a substantial risk of injury that can be addressed through the issuance of a TRO or preliminary injunction.

Plaintiff has put forth insufficient allegations in support of his request for injunctive relief. Should his situation change during the pending action, necessitating emergency intervention by the Court, Plaintiff may file a new motion

for TRO and/or preliminary injunction pursuant to Rule 65(a)-(b). At this time, the motion shall be **DENIED** without prejudice.

The required preliminary review of the Complaint will follow in due course.

**IT IS HEREBY ORDERED** that the Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 2) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

DATED: August 2, 2017

Judge Herndon
2017.08.02
21:10:22 -05'00'

United States District Judge