IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DREW M. MOIR,
#M-48561,

        Plaintiff,

   vs.                                                            Case No. 17-CV-821-DRH

TIMOTHY J. AMDAHL,
MICHELLE NEESE, and
DAVID RAINS,
        Defendants.

# MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    Plaintiff Drew M. Moir, an inmate currently incarcerated at Robinson Correctional Center ("Robinson"), filed this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff asserts that his prayer rug was confiscated, interfering with the free exercise of his religious beliefs. Additionally, Plaintiff contends he has been retaliated against for exercising his First Amendment rights. In connection with these claims, Plaintiff names Timothy J. Amdahl (a correctional officer), Michelle Neese (warden), and David Rains (warden).

    Plaintiff's Complaint was accompanied by a Motion for Preliminary Injunction/Temporary Restraining Order. (Doc. 2). On August 3, 2017, the Motion for Preliminary Injunction/Temporary Restraining Order was denied without prejudice. (Doc. 6). In light of the above, the Court treats Plaintiff's case as

seeking monetary damages and injunctive relief at the close of the case.

This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Prior to filing the instant action, Plaintiff filed a *pro se* civil rights action

against numerous Robinson officials, including the three individuals named in this case. *See Moir v. Amdahl et al.,* No. 3:17-cv-66-DRH-RJD (filed January 23, 2017). (Doc. 1, p. 3). In the instant action, Plaintiff contends Defendants are harassing him in retaliation for filing the prior lawsuit. The allegations of harassment include taking Plaintiff's property without justification (a prayer mat and a hot plate), false disciplinary charges, and a threat to remove Plaintiff from the transitions program.

In late May or June 2017, Plaintiff was transferred from housing unit 5B to housing unit 5A, where Amdahl works. (Doc. 1, p. 3). Plaintiff does not know why he was transferred to unit 5A. *Id.*

On June 2, 2017, "correctional officers" conducted a shake-down of Plaintiff's living area and "stole" his hotpot. *Id.* On June 4, 2017, Plaintiff filed a grievance regarding the incident. (Doc. 1-1, pp. 2-3). On June 15, 2017, the grievance was denied. (Doc. 1, p. 1). Neither the Complaint nor the attached grievance references any of the Defendants in connection with this incident.

On June 29, 2017, Amdahl "stole" Plaintiff's prayer rug. (Doc. 1, p. 3). That day (or the following day), Plaintiff filed a grievance regarding the incident. (Doc. 1-1, pp. 6-7). According to the grievance, when Plaintiff returned to housing unit 5A from lunch, multiple inmates told him that Amdahl took Plaintiff's prayer rug. (Doc. 1-1, p. 6). Plaintiff went to the control area and observed his prayer rug laying "crumpled haphazardly" on the floor in the doorway of the staff restroom. *Id.* Plaintiff asked Amdahl why he took the prayer rug. *Id.* Amdahl responded, "I

didn't take your prayer *rag*." Plaintiff objected to Amdahl referring to his prayer rug as a rag. *Id.* Amdahl then told Plaintiff it was another inmate's prayer rug and refused to return it. (Doc. 1-1, p. 7). Plaintiff asked to speak with a lieutenant and requested a grievance slip. *Id.* Amdahl refused both requests. *Id.*

Plaintiff contends that Amdahl is interfering with Plaintiff's right to freely practice his religion. (Doc. 1, p. 4). He also claims that the when Amdahl confiscated the prayer rug he had a retaliatory motive – he wanted to punish Plaintiff for filing grievances and the prior civil rights lawsuit. *Id.*

Plaintiff also contends that Amdahl has retaliated against him by writing two false disciplinary tickets. (Doc. 1, p. 3). The first ticket was issued on June 29, 2017. (Doc. 1, p. 3; Doc. 1-1, p. 13). A hearing was held regarding the ticket on June 30, 2017. (Doc. 1-1, p. 19). Plaintiff was accused with having a pillow on his bed that was assigned to another inmate. *Id.* Although Plaintiff denied the charge, he was adjudicated guilty and received seven days of commissary restriction. *Id.* Plaintiff filed grievances regarding the incident on July 1, 2017 (Doc. 1-1, pp. 11-12) and July 3, 2017 (Doc. 1-1, pp. 15-16). The second ticket was issued on July 19, 2017 and alleged Plaintiff of leaving his shirt untucked. (Doc. 1, p. 3). Plaintiff filed a grievance regarding this incident on July 19, 2017. (Doc. 1-1, pp. 23-24).

Plaintiff also directs specific allegations against Neese. (Doc. 1, pp. 3-4). The Complaint includes a bare-bones allegation that Neese threatened to remove Plaintiff from the "transitions" program in retaliation for Plaintiff using the

4

grievance process. (Doc. 1, p. 4). However, the more detailed allegations in the Complaint suggest that Neese threatened to remove Plaintiff from the program because of his misconduct at the June 30, 2017 disciplinary hearing (hearing pertaining to the unauthorized pillos). (Doc. 1, p. 3). According to the Complaint, during the hearing, Plaintiff had a verbal disagreement with the hearing officer (Richard Nidey). *Id.* Plaintiff argued with Nidey, telling him he could not find Plaintiff guilty of the infraction without evidence and could not base his decision on a correctional officer's (Amdahl) unsupported accusations. *Id.* Apparently this information was relayed to Neese. *Id.* Plaintiff was subsequently told by a third party that Neese "didn't like what occurred at [Plaintiff's] ticket hearing and if she hears [Plaintiff's] name again for any reason" she would kick Plaintiff out of the transitions program. *Id.*

Plaintiff does not direct any specific allegations against Rains. The only information provided as to Rains is that he is a defendant in Plaintiff's prior civil rights lawsuit and that, as the warden of Robinson, Rains is "legally responsible for the operation of Robinson C.C. and for the welfare of all the inmates in that prison." (Doc. 1, p. 2).

### **Merits Review Under § 1915(A)**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does

5

not constitute an opinion regarding their merit.

> **Count 1 –** First Amendment claim against Amdahl for confiscating Plaintiff's prayer rug on June 29, 2017.
>
> **Count 2 –** First Amendment retaliation claim against Amdahl for filing two unsubstantiated disciplinary charges against Plaintiff (June 29, 2017 and July 19, 2017) and for confiscating Plaintiff's prayer rug on June 29, 2017, after Plaintiff filed a civil rights lawsuit naming Amdahl as a defendant (No. 17-cv-66).
>
> **Count 3 –** First Amendment retaliation claim against Neese for threatening to remove Plaintiff from the transitions program.

**Preliminary Matter – Dismissal of Rains**

With the exception of his job description, no mention of Rains is made in the body of the Complaint.

Plaintiff's failure to assert a specific act of wrongdoing as this individual does not suffice to meet the personal involvement requirement necessary for § 1983 liability. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("to recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right."). Additionally, Rains is not subject to liability merely because he is a supervisory official. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

Therefore, Rains shall be dismissed from this action, in his individual capacity, without prejudice. However, because Plaintiff is also seeking injunctive relief, Rains, as the warden of Robinson, shall remain in the action in his official capacity only. *See Gonzalez v. Feinerman,* 663 F.3d 311 (7th Cir. 2011).

6

### Count 1

Prisoners enjoy a right to exercise their religion under the First Amendment, *Vinning–El v. Evans*, 657F.3d 591, 592–93 (7th Cir. 2011), but the right is "subject to limits appropriate to the nature of prison life." *Id*. Restrictions that limit the exercise of religion are permissible if they are reasonably related to legitimate penological objectives, which includes security and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89–91, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987); *Ortiz v. Downey*, 561 F.3d 664, 669 (7th Cir.2009).

In his Complaint, Plaintiff does not make a general challenge to prison regulations regarding access to religious prayer rugs, nor does he complain that any particular regulation interfered with the free exercise of his beliefs. Therefore, whether Robinson has valid penological reasons for their regulations is not at issue. Instead, Plaintiff complains that Amdahl purposely confiscated his prayer rug, without cause, thereby interfering with Plaintiff's right to exercise his religion. At this stage of the case, Plaintiff has adequately pled a First Amendment claim against Amdahl for interfering with his practice of his religion, and Count 1 shall proceed against this Defendant.

### Count 2

Prison officials may not retaliate against inmates for filing grievances, exercising First Amendment rights, or otherwise complaining about their conditions of confinement. *See, e.g., Gomez v. Randle*, 680 F.3d 859, 866 (7th

Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). A "prisoner can state a claim for retaliatory treatment by alleging a chronology of events from which retaliation can be inferred." *Jellis v. Hulick*, 422 F. App'x 548, 550 (7th Cir. 2011). However, the Seventh Circuit has rejected the notion that prisoners are *required* to allege a chronology of events at the pleading stage. *See McElroy v. Lopac,* 403 F.3d 855, 858 (7th Cir. 2005) ("we note that the district court required far too much of [the prisoner] in the first place. Our recent cases have rejected any requirement that an inmate allege a chronology of events in order to state a claim of retaliation because such a requirement is contrary to the federal rule of notice pleading."); *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) (prisoner need not allege a chronology of events in order to state a claim for retaliation). In other words, allegations pertaining to a chronology of events from which retaliation can be inferred are sufficient but not required. "Instead, a plaintiff must allege only enough to put the defendants on notice and enable them to respond." *McElroy*, at 858. In this regard, allegations describing the defendant's retaliatory conduct and the constitutionally protected activity that motivated the retaliatory conduct are sufficient. *Id.*

Here, Plaintiff alleges that Amdahl has filed false disciplinary tickets against him and confiscated his prayer rug. Plaintiff contends these acts were motivated by Plaintiff's prior civil rights lawsuit, naming Amdahl as a defendant. This is

8

sufficient to put Amdahl on notice and enable him to respond. Accordingly, this claim shall receive further review as to Amdahl.

**Count 3**

The Complaint falls to state a claim for retaliation as to Neese. Plaintiff generally alleges that Neese threatened to remove him from the transitions program because he said he "was going to use the grievance process." (Doc. 1, p. 4). However, Plaintiff has alleged additional facts that contradict this claim. (Doc. 1, p. 3). The additional facts indicate that Neese threatened to remove Plaintiff from the program because of his misconduct at a disciplinary hearing. *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir.2003) (holding that plaintiff "has simply pled himself out of court by saying too much"); *Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir.1995) ("[A] plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts."). Further, as noted above, Neese is not subject to liability merely because she is a supervisory official. Accordingly, Count 3 shall be dismissed without prejudice as to Neese.

**<u>Exhaustion</u>**

Failure to exhaust is an affirmative defense, and while typically the issue is one for defendants to raise, the Court may invoke an affirmative defense on behalf of an un-served defendant if it is clear from the face of the complaint that the defense applies. *Walker v. Thomspon*, 288 F.3d 1005, 1009 (7th Cir. 2002); *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002); *see also Franklin v.*

*McCaughtry*, 110 F. App'x 715, 718 (7th Cir. 2004). The defense must be both apparent and unmistakable. *Walker*, 288 F.3d at 1010.

In the instant case, the Court strongly suspects that Plaintiff's Complaint is subject to dismissal for failure to exhaust. In the Complaint, Plaintiff admits that he filed grievances *on the same day* that the instant action was filed. (Doc. 1, p. 2). Additionally, the Complaint and attached exhibits show several relevant grievances were filed immediately before Plaintiff filed the Complaint (June and July of 2017). Plaintiff contends that he did not exhaust his administrative remedies because he is fearful of retaliation. (Doc. 1, p. 2). Threats by prison officials can render an administrative remedy unavailable, thereby excusing the need to exhaust. *See Brengettcy v. Horton,* 423 F.3d 674, 682 (7th Cir. 2005) (holding that conduct of prison officials can render administrative remedy not "available" under § 1997e(a)); *Abney v. McGinnis,* 380 F.3d 663, 667 (2d Cir.2004) (holding that defendants are "estopped from raising non-exhaustion as an affirmative defense when prison officials inhibit an inmate's ability to utilize grievance procedures"). However, in the instant case, the claim that Plaintiff could not exhaust his administrative remedies because he feared retaliation is belied by the fact that Plaintiff repeatedly filed grievances regarding the alleged constitutional violations at issue in this case.[1]

---

[1] On June 4, 2017, Plaintiff filed a grievance regarding the hot plate incident that occurred on June 2, 2017. (Doc. 1-1, pp. 2-3). Plaintiff immediately filed a grievance pertaining to Amdahl taking his prayer rug. (Doc. 1-1, pp. 6-7). Plaintiff filed three grievances pertaining to the two allegedly false disciplinary tickets. (Doc. 1-1, pp. 11-12, 15-16, and 23-24).

Nonetheless, given the standard applicable for dismissing an action for failure to exhaust at the screening stage and the Plaintiff's allegations pertaining to fear of retaliation, the Court will allow the claim to proceed. However, the Court emphasizes that this action may well be subject to dismissal for failure to exhaust administrative remedies. Further, discovery may be limited or stayed, as is appropriate, pending resolution of this issue. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir.2008) (exhaustion is a threshold issue to be resolved before addressing the merits of the case and district judges should limit discovery to exhaustion as a preliminary matter).

## Pending Motions

Plaintiff's Motion for Service of Process at Government Expense (Doc. 4) is **DENIED**. The Court will order service as a matter of course upon all defendants who remain in this action pursuant to this screening order because Plaintiff is a prisoner who has also requested permission to proceed in this action as a poor person.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** shall **PROCEED** against **AMDAHL.**

**IT IS FURTHER ORDERED** that **COUNT 2** shall **PROCEED** against **AMDAHL.**

**IT IS FURTHER ORDERED** that **COUNT 3** is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted. As this is the only claim directed against **NEESE,** she shall be dismissed from the Complaint without prejudice. The Clerk is **DIRECTED** to terminate her as a party in CM/ECF.

**IT IS FURTHER ORDERED** that **RAINS,** in his individual capacity, is **DISMISSED** from this action without prejudice for failure to state a claim upon which relief can be granted. **RAINS,** however, shall remain in this action, in his official capacity, for purposes of carrying out any injunctive relief that might be granted.

**IT IS FURTHER ORDERED** that as to **COUNTS 1** and **2,** the Clerk of Court shall prepare for **AMDAHL** and **RAINS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If any defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the

defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the

transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2017.10.19
17:04:40 -05'00'

**United States District Judge**