IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DREW M. MOIR,**

**Plaintiff,**

**v.**

**TIMOTHY AMDAHL,**

**Defendant.**            No. 17-cv-821-DRH-DGW

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Plaintiff Drew M. Moir brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 while incarcerated at Robinson Correctional Center. On October 20, 2017, the Court conducted its preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, and the matter was referred to Magistrate Judge Donald G. Wilkerson (Doc. 9).[1] Following the referral, on October 27, 2017, Moir filed a Notice of Change of Address providing the Court with a personal address in Iowa (Doc. 12).

Subsequently, on March 21, 2018, Amdahl served Plaintiff with interrogatories and a request for production of documents (Doc. 28, ¶ 1). Moir did not respond to the discovery requests (Doc. 28, ¶ 1), and has not responded to any subsequent correspondence or motions, or Court Orders. In the Court's

---

[1] Plaintiff's complaint originally named David Rains as an individual defendant. After plaintiff's release from Robinson Correctional, defendant Rains filed a motion for summary judgment (Doc. 19). The Court dismissed Rains from the action in his individual capacity, but because Rains was the warden of Robinson Correctional Center, he remained as a defendant in his official capacity for purposes of any injunctive relief ordered by the Court (Doc. 9, p. 6).

May 29, 2018, Order, Moir was ordered to respond to Amdahl's discovery requests no later than June 8, 2018 (Doc. 29). The Order also stated: "Plaintiff is WARNED, failure to respond to the discovery requests may result in dismissal of this action for failure to prosecute." (*Id*.). Having received no response to his discovery, Amdahl filed the pending motion for sanctions asking the Court to dismiss this action (Doc. 30).

Pursuant to 28 U.S.C. § 636(b)(1)(B), Magistrate Wilkerson issued a Report and Recommendation ("the Report") on June 15, 2018 (Doc. 31). Judge Wilkerson indicated that "the Court is mindful of the difficulties prisoners face in proceeding *pro se*, as well as the additional obstacles Moir faced when he was paroled from prison. Those difficulties, however, do not excuse Moir from complying with deadlines, following the direct Orders of the Court, or maintaining basic communication with the Court. "Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party cannot decide for itself when it feels like pressing its action and when it feels like taking a break..." *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005)." (Doc. 31, pg. 3). Judge Wilkerson concluded that Moir failed to comply with discovery by failing to respond to properly propounded interrogatories and requests for production of documents, in violation of Federal Rules of Civil Procedure 33 and 34. Despite being warned of the risks, Moir, once again, failed to comply with Magistrate Judge Donald G. Wilkerson's May 21, 2018 Order. (Doc. 22).

Objections to the Report and Recommendation were due on or before July 2, 2018. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR 73.1(b). No objections were filed. Where neither timely nor specific objections to the Report and Recommendation are made, the Court need not conduct a *de novo* review. See *Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Having reviewed defendant's motion and the Report and Recommendation, the undersigned fully agrees with the analysis and conclusions of Magistrate Judge Wilkerson. Federal Rule of Civil Procedure 37(b)(2)(A) permits a court to sanction a party for not obeying a discovery order, including dismissal of the action. Fed. R. Civ. P. 37(b)(2)(A)(v).

Accordingly, the Court **ADOPTS** the Report (Doc. 31). The Court **GRANTS** defendant's motion for sanctions (Doc. 30) for the reasons given in the Report and Recommendation and **DISMISSES** this action **WITH PREJUDICE**. The Clerk is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

Judge Herndon
2018.07.09
16:14:30 -05'00'

United States District Judge